DECISION AND JUDGMENT
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas. Appellant, Elizabeth Doolittle, asserts that the following errors occurred in the proceedings below: *Page 2 
 {¶ 2} "1. The Trial Court abused its discretion by granting the Receiver's motion to vacate Appellant's mortgage on 30 S. River Rd. so the Receiver could move forward with closing the sale of the Subject Property pursuant to May 23, 2007 auction.
 {¶ 3} "2. The Trial Court abused its discretion by denying the Appellant's motion for an order requiring the Receiver not to complete the sale of the Subject Property pursuant to the May 23, 2007 auction.
 {¶ 4} "3. The Trial Court abused its discretion by denying the Appellant's motion for leave to file a foreclosure action with respect to the Subject Property.
 {¶ 5} "4. The Trial Court abused its discretion by granting the receiver's May 3, 2007 Motion on May 8, 2007 when the Local Rules set the submission date for 18 days after the motion is filed.
 {¶ 6} "5. The Trial Court abused its discretion by denying Appellant's motion and confirming the results of the Auction in accordance with the Receiver's motion, in that the manner in which the Auction was conducted violated R.C. Sec. [sic] 4707.23."
 {¶ 7} In December 2005, the trial court appointed Gerald R. Kowalski and John Czarnecki as receivers of Westhaven Group, LLC ("Westhaven"). The receivers were granted the authority to take possession of Westhaven's assets, which consist largely of numerous parcels of real property. The receivers filed their report on April 14, 2006, and recommended liquidating all of Westhaven's assets. The trial court subsequently ordered any creditors of Westhaven to file objections by May 14, 2006. One of those creditors is appellant, Elizabeth Doolittle, who held a mortgage on one of Westhaven's assets, *Page 3 
specifically, real property located at 30 S. River Road in Waterville, Ohio. Doolittle never filed any objections to the report.
 {¶ 8} On December 15, 2006, the court below entered an "Order of Distribution" for any and all of Westhaven's assets. The order provided, among other things, that any secured investors holding mortgages would receive 80 percent of the proceeds garnered that were attributable to those mortgages. In addition, the order stated that if the sale of the property failed to yield 80 percent of the investor's investment, the investor had the option to purchase the property and, thereby, settle that investor's claim. The secured investors were also given an "immediate right to foreclose delinquent mortgages and otherwise enforce their loan rights" against Westhaven. Doolittle never filed a foreclosure action.
 {¶ 9} On May 3, 2007, the receivers filed a motion to convey the 30 S. River Road property and notified appellant of its motion, as well as the auction date, May 23, 2007. On May 8, 2007, the court entered a judgment approving the sale and informing appellant of the fact that she must exercise her right to purchase the property by either appearing in person or by means of a representative at the auction on May 23, 2007. The order indicated that appellant's failure to appear at the auction and bid on the property would be deemed a waiver of any purchase rights.
 {¶ 10} Doolittle never objected to any portion of the court's order and failed to appear at the auction. The 30 S. River Road property was sold for $66,000 at the auction. Appellant, however, refused to release the mortgage. Instead, because she was *Page 4 
dissatisfied with the sale price, she filed a motion to vacate the sale, to remove the property from receivership, and to allow her to foreclose on the property. The receivers filed a motion to vacate appellant's mortgage.
 {¶ 11} A hearing was held on the parties' motions on June 25, 2008. At that hearing, appellant testified that she knew about the auction on May 23, 2007, but opted not to foreclose on the property because she believed that it would be sold for an amount close to her $105,000 mortgage. She also claimed that she was not aware of the fact that the auction held on May 23, 2007 was an "absolute auction." In an absolute auction, once the auction commences, the property will be sold at any price. In contrast, at a "reserve auction," the starting bid would have been $80,000. Doolittle claimed that the price obtained for the 30 S. River Road property was, therefore, inadequate. She presented evidence of the fact that the 30 S. River Road property was auctioned in 2005, with a reserve price of $80,000, and sold for $93,000.
 {¶ 12} Appellant further offered the testimony of George Smith, an appraiser, who, after "driving by" the property, set its value at $108,000. Nonetheless, the receivers objected to this testimony because appellant's only stated purpose for the Smith's testimony was to point out that the auctioneer in the present case "appeared" not to "do his homework" by failing to note the price the 30 S. River Road property sold for at the reserve auction in 2004. The trial court sustained this objection. Smith was allowed to opine, over the receivers' objection, that to sell a property without getting the "most value out of it" would be "acting incompetently." On cross-examination, however, the *Page 5 
appraiser agreed that if an auctioneer conducted a well-advertised, without reserve court-ordered auction, that auctioneer would "bring the auction to as successful a completion as possible."
 {¶ 13} Christopher Gist, a licensed realtor, was also one of appellant's witnesses. He testified that the best method of selling real estate is by listing it on the market for a reasonable amount of time. He asserted that in the 2007 market, the property should be listed for a minimum of 120 days. In Gist's opinion, he never could see "the benefit of a real estate auction." Based upon a view of the exterior of 30 S. River Road and photographs of the interior, Gist expressed a opinion that the property would sell for $100,000. He also stated that that an auctioneer who failed to ascertain that the property had sold at auction for $93,000 "two years ago" exhibited an "incompetent display of his ability to get the best price for the seller." On cross-examination, Gist admitted that he did not know whether, in this particular situation, the auctioneer failed to check the sales history of 30 S. River Road.
 {¶ 14} Mike Weigand, the General Manager at Westhaven during the receivership, testified that he was at the auction of 30 S. River Road and stated that there were 20 to 25 bidders present that day, with seven of those individuals bidding on the property. He mentioned that there were a total 60 to 65 properties to be auctioned. Weigand expressed a belief that the auctioneer was doing a "great job."
 {¶ 15} On July 23, 2007, the common pleas court filed a judgment in favor of the receivers. In particular, the court found Doolittle's allegation that the selling price of *Page 6 
30 S. River Road property was inadequate was an insufficient "basis to set aside an otherwise properly advertised and conducted absolute auction." In addition, the trial judge also denied appellant's request to remove the property in question from receivership so that she could foreclose on that property. The judge found that Doolittle was estopped from raising this issue because she failed to object to or participate in the auction. Finally, the court granted the receivers' motion to vacate appellant's mortgage on the 30 S. River Road property.
 {¶ 16} The parties to this appeal, and this court, agree that all of appellant's assignments of error are governed by the same standard of review, to wit, whether the trial court abused its discretion in denying appellant's motion to vacate the sale and granting the receivers' motion to vacate her mortgage. See Chase Manhattan Mtge. Corp. v Koan, 6th Dist. No. H-02-011, 2002-Ohio-6182, ¶ 16 (It is within the sound discretion of a trial court to set aside or confirm a judicial sale.). Therefore, the lower court's decision in the instant cause will be reviewed under an abuse of discretion standard. A trial court abuses its discretion if its attitude in reaching a decision is arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 17} In her first assignment of error, appellant contends that the trial court abused its discretion by granting the receivers' motion to vacate her mortgage because (1) the winning bid was objectively inadequate; and (2) the evidence offered at the hearing below by her expert witnesses established the "auction was incompetently carried *Page 7 
out." Under this assignment, appellant also argues that the trial court abused its discretion because it "improperly balanced" her interest, $105,000 in 30 S. River Road with the receivers' interest in that property.
 {¶ 18} In her second assignment of error, Doolittle claims that the court below abused its discretion because the property was sold at a "reserveless" auction rather than on an open and competitive market and, as a result, the $66,000 purchase price "is a symptom of market failure and unfair price." Appellant's third assignment of error sets forth an argument similar to her second assignment of error in that she maintains that court abused its discretion by failing to set aside the judicial sale and allowing her to foreclose on the property so that she could get "a better result."
 {¶ 19} Because all three of these assignments of error essentially address the allegedly inadequate selling price of $66,000 for 30 S. River Road property, we shall consider these assignments together. First, however, we find that neither of appellant's experts testified that the May 23, 2007 auction was "incompetently carried out." Instead, the testimony presented in this cause, as set forth above, reveals that both experts were of the opinion that an auctioneer who failed to discover that 30 S. River Road was sold at auction in 2004 for $93,000 would be acting incompetently by not getting the best price for that property. No evidence was adduced at the hearing to establish that the auctioneer in this case did not discover the 2003 sale price. Moreover, appellant produced no evidence to demonstrate that the auctioneer did not get the best price for the property under the circumstances of this case. Therefore, these arguments are without merit. *Page 8 
 {¶ 20} With regard to the remaining question, inadequacy of price is simply insufficient to set aside a judicial sale.[1] Pion v.Wofford (July 17, 1987), 6th Dist. No. L-86-191, quoting Dairyman'sCooperative Sales Co, Inc. v. Frederick Dairy, Inc. (1934) 17 Ohio Law Abs. 690, 692. Rather, a judicial sale cannot be set aside except for "fraud, mistake or some other cause, for which equity would avoid a like mistake between private parties." Pion v. Wofford, supra. See, also,Fed. Home Loan Mtge. Corp. v. Langdon, 4th Dist. No. 07AP12,2008-Ohio-776, ¶ 17. Accordingly, the trial court's attitude in reaching its decision was not arbitrary, unreasonable, or unconscionable. Because the court did not abuse its discretion, appellant's first, second, and third assignments of error are found not well-taken.
 {¶ 21} In her fourth assignment of error, appellant asserts that the trial court violated Gen.R. 5.04(F) of the Lucas County Court of Common Pleas by granting the receivers' motion proposing the sale of 30 S. River Road only five days after the motion was filed. In her fifth assignment of error, appellant argues that the trial court abused its discretion by denying her motion to set aside the judicial sale and confirming that sale because the manner in which the auction was conducted violated R.C. 4707.23. These alleged errors were not raised in or decided by the trial court. Generally, alleged errors that could have been but were not brought to the lower court's attention to be corrected are deemed waived. Belvedere Condominium Unit Owners' Assn. v. R.E.Roark *Page 9 Companies, Inc. (1993), 67 Ohio St.3d 274, 279. Nevertheless, an appellate court has the discretion to consider for the first time on appeal certain errors that were clearly waived if the rights and interests involved warrant consideration. Hill v. Urbana (1997),79 Ohio St.3d 130, 133-134. We are of the opinion that neither appellant's fourth assignment of error nor her fifth assignment of error warrant our consideration. We, therefore, decline to address these assignments, and, as a result, find them not well-taken.
 {¶ 22} On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant, Elizabeth Doolittle, is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, J., Arlene Singer, J., CONCUR.
[1] In addition, the alleged financial hardship on appellant is insufficient to set aside the judicial sale in this cause. See Bank Oneof Columbus, N.A. v. Laureano (Sept. 3, 1992), 4th Dist. No. 5-92-13. *Page 1