[Cite as *Brandywine Preserve Cluster Assn., Inc. v. Carter*, 2015-Ohio-4163.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

BRANDYWINE PRESERVE CLUSTER
ASSOCIATION, INC.

    Appellee

    v.

KEVIN CARTER, et al.

    Appellees

    and

JACK A. MARSILLO

    Appellant

C.A. No.     27584


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2009-05-3629

DECISION AND JOURNAL ENTRY

Dated: October 7, 2015


HENSAL, Presiding Judge.

{¶1} Jack Marsillo appeals the trial court's denial of his motion to vacate the judicial sale. For the reasons set forth below, we affirm.

I.

{¶2} Brandywine Preserve Cluster Association, Inc. ("Brandywine") filed a foreclosure action against the property owned by Kevin and Cassandra Carter based upon the association's lien for unpaid expenses and assessments of the property. On March 30, 2010, the trial court awarded summary judgment to Brandywine and ordered the property be sold subject to the mortgage of Mortgage Electronic Registration Systems, Inc. ("MERS"), which was the senior encumbrance on the property. An order of sale was issued, and the property was appraised.

However, Brandywine moved to withdraw the order of sale, indicating that it had reached an agreement with the Carters.

{¶3} At Brandywine's request, the trial court issued an alias order of sale on April 9, 2014, and the property was subsequently sold at auction. Mr. Marsillo entered the winning bid. After learning that the MERS mortgage still encumbered the property, however, Mr. Marsillo moved to intervene and to set aside the sale. Brandywine opposed Mr. Marsillo's motion.[1] The trial court granted Mr. Marsillo's motion to intervene, denied his motion to set aside the sale, and confirmed the sale.

{¶4} Mr. Marsillo has appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO SET ASIDE [THE] SHERIFF SALE.

{¶5} Mr. Marsillo argues that the trial court abused its discretion when it denied his motion to set aside the sheriff's sale because all of the statutory requirements for the sale had not been met and because of his mistaken belief that the property was not encumbered. He also argues that the trial court abused its discretion when it denied his motion without hearing.

{¶6} Revised Code Section 2329.31(A) provides,

Upon the return of any writ of execution for the satisfaction of which lands and tenements have been sold, on careful examination of the proceedings of the officer making the sale, if the court of common pleas finds that the sale was made, in all respects, in conformity with sections 2329.01 to 2329.61 of the Revised Code, it shall, within thirty days of the return of the writ, direct the clerk of the court of common pleas to make an entry on the journal that the court is satisfied

---

[1] Mr. Marsillo filed a motion to set aside the sheriff's sale and a sur-reply motion, in which he made additional arguments. Because it is clear the trial court considered both arguments in both motions when it declined to set aside the sale, we will refer to the motions as a single motion for ease of reading.

of the legality of such sale and that the attorney who filed the writ of execution make to the purchaser a deed for the lands and tenements. Nothing in this section prevents the court of common pleas from staying the confirmation of the sale to permit a property owner time to redeem the property or for any other reason that it determines is appropriate. In those instances, the sale shall be confirmed within thirty days after the termination of any stay of confirmation.

"While the statute speaks in mandatory terms, it has long been recognized that the trial court has discretion to grant or deny confirmation: 'Whether a judicial sale should be confirmed or set aside is within the sound discretion of the trial court.'" *Ohio Sav. Bank v. Ambrose*, 56 Ohio St.3d 53, 55 (1990), quoting *Michigan Mortgage Corp. v. Oakley*, 68 Ohio App.2d 83 (1st Dist.1980), paragraph two of the syllabus. Thus, an appellate court reviews the trial court's decision for an abuse of discretion. *See id.* An abuse of discretion implies that the trial court's decision is arbitrary, unconscionable, or unreasonable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶7} Mr. Marsillo argues that he was misled by the advertisement issued by the Summit County Sheriff Department in this case. The advertisement read, in pertinent part,

> Per Amended Judgment Entry filed 05-07-2010, this property is to be sold subject to the mortgage of MERS, Mortgage Electronic Registration Systems, Inc., as nominee for NVR Mortgage Finance, at a minimum bid of not less than 2/3 of the difference between the value of the real estate as appraised and the amount remaining unpaid on the mortgage of defendant, MERS, Mortgage Electronic Registration Systems, Inc. as nominee for NVR Mortgage Finance. Amount due MERS is $309,956.78. Amount of Appraisal is $252,000.00. The difference between the two amounts is $57,956.78. 2/3 of the difference is the minimum bid, in the amount of $38,637.85

According to Mr. Marsillo, because the difference listed in the advertisement is a positive number, he was led to incorrectly believe that the property had value. However, the advertisement is very clear that the amount due on the mortgage on the property is higher than the appraised value of the property. Nevertheless, even assuming Mr. Marsillo misread the

advertisement, we still could not say that that fact alone renders the trial court's denial of his motion to set aside the sale unreasonable, arbitrary, or unconscionable.

{¶8}    A judicial sale may be set aside for the same reasons a party may rescind a contract, which include fraud, mutual mistake, or unilateral mistake.   *See Winkler v. Westhaven Group, LLC*, 6th Dist. Lucas No. L-07-1282, 2009-Ohio-1530, ¶ 20.   Mr. Marsillo's assertion that he misunderstood the terms of the sale would be a unilateral mistake*. See General Tire, Inc. v. Mehlfeldt*, 118 Ohio App.3d 109, 115 (9th Dist.1997) ("A unilateral mistake occurs when one party recognizes the true effect of an agreement while the other does not.").

> To demonstrate a unilateral mistake warranting rescission of a contract, the party seeking rescission must show:  (1) that it made a mistake at the time the contract was entered into; (2) that the mistake had a "material effect" on the agreed exchange of performances that was adverse to the mistaken party; and (3) that the other party knew or should have known of that mistake.

*General Tire, Inc. v. Mehlfeldt*, 9th Dist. Summit No. 19269, 1999 WL 420346, *3 (June 23, 1999), quoting *Aviation Sales, Inc. v. Select Mobile Homes*, 48 Ohio App.3d 90, 93-94 (2d Dist.1988).  *See also* Restatement of the Law 2d, Contracts, Section 153 (1981).  However, a unilateral mistake by a party renders a contract voidable "by him if he does not bear the risk of the mistake under the rule stated in § 154 * * *."  Restatement of the Law 2d, Contracts, Section 153 (1981).  "A party bears the risk of a mistake when * * * the risk is allocated to him by the court on the ground that it is reasonable in the circumstances to do so."  *Id*. at Section 154(c).

{¶9}    Assuming for the sake of argument that Mr. Marsillo meets the first two prongs of the unilateral mistake test, he has not demonstrated that Brandywine knew or should have known of his mistake.  The mistake occurred because Mr. Marsillo did not understand the import of the advertisement, which clearly indicated that the mortgage on the property exceeded the value of the property.  Furthermore, there is no indication that any party spoke with Mr. Marsillo before

the sale and, thus, there is no reason to believe that the parties knew or should have known that Mr. Marsillo had his mistaken belief. Finally, given that no party to the foreclosure action gave Mr. Marsillo incorrect information, it is reasonable that the risk of the mistake would fall to Mr. Marsillo in this case. Accordingly, we cannot conclude that Mr. Marsillo demonstrated that his unilateral mistake would be a basis for rescission.

{¶10} Mr. Marsillo also argues that the sale should have been set aside due to fraud or mutual mistake because either he and Brandywine were mistaken about the value of the property or "Brandywine intentionally tried to defraud the bidding public into purchasing something which has no value." However, Mr. Marsillo sets forth no support for either allegation. There is no indication that Brandywine had any illusions about the value of the property, nor is there any indication that it attempted to mislead the public about the value of the property. The advertisement made it clear that the mortgage was greater than the appraised value of the property. *Compare with Society Natl. Bank v. Wolff*, 6th Dist. Sandusky No. S-90-13, 1991 WL 64865, *4 (Apr. 26, 1991) (concluding that the notice of sale materially misrepresented the status of the property when it indicated that there direct access to a state highway from the property despite there not being one). Accordingly, we cannot conclude that Mr. Marsillo established that a mutual mistake or fraud occurred in this case.

{¶11} Mr. Marsillo argues that the trial court should have set the sale aside because it would cause a great hardship to him "to pay $91,500.00 in order to satisfy a $3,935.00 lien in favor of Brandywine for condominium association dues." However, beyond pointing to the amount of his bid, Mr. Marsillo did not set forth any information that would support his assertion that the loss would create a great hardship, instead relying upon conclusory statements based solely on the dollar amount. To be sure, $91,500 is a significant sum of money; nevertheless, the

amount is not inherently a hardship. While it is possible that Mr. Marsillo would suffer a great hardship as a result of paying $91,500 for this property, we cannot conclude that he established this fact in his motion or even set forth assertions that would call this issue into question.

{¶12} Mr. Marsillo also argues that the trial court abused its discretion when it denied his motion to set aside the sale because the sale did not comply with certain statutory requirements. However, as noted above, "[w]hile the statute speaks in mandatory terms, it has long been recognized that the trial court has discretion to grant or deny confirmation[,]" and Mr. Marsillo has not articulated, either on appeal or before the trial court, how he was prejudiced by the alleged lack of compliance with the statutes. *Ohio Sav. Bank*, 56 Ohio St.3d at 55. For example, Mr. Marsillo argues that the advertisement does not comply with Section 2329.23 because it did not "include the web site address of the officer who makes the sale that allows a person to obtain a complete legal description of the lands and tenements." R.C. 2329.23. As the trial court noted, however, the advertisement itself set forth the legal description of the property. In other words, the information provided by the sheriff's website would have merely been redundant, a fact Mr. Marsillo does not dispute. Thus, it is difficult to see how Mr. Marsillo was prejudiced by the lack of a website being listed in the advertisement.

{¶13} Mr. Marsillo also argues that the sale did not comport with Sections 2329.17 and 2329.20. Section 2329.17 provides that, "[w]hen execution is levied upon lands and tenements, the officer who makes the levy shall call an inquest of three disinterested freeholders, residents of the county where the lands taken in execution are situated, and administer to them an oath impartially to appraise the property so levied upon, upon actual view." According to Mr. Marsillo, the property should have been reappraised when the trial court issued the alias order of sale since that was a new execution being levied upon the property. However, assuming Mr.

Marsillo is correct that there should have been a second appraisal, he has not explained how the older appraisal prejudiced him as he did not present any information in his motion to set aside that the appraised value of the property was too high.

{¶14} Turning to Mr. Marsillo's argument regarding Section 2329.20, we note that the section provides

> that in all cases where a junior mortgage or other junior lien is sought to be enforced against real estate by an order, judgment, or decree of court, subject to a prior lien thereon, and such prior lien, and the claims or obligations secured thereby, are unaffected by such order, judgment, or decree, the court making such order, judgment, or decree, may determine the minimum amount for which such real estate may be sold, such minimum amount to be not less than two thirds of the difference between the value of the real estate appraised as provided in such section, and the amount remaining unpaid on the claims or obligations secured by such prior lien.

As the trial court correctly notes in its judgment entry, the advertisement follows the language of the statute. Furthermore, the judicial sale complied with the statute because the statute only requires that the minimum bid for a property "to be not less than two thirds of the difference," which the minimum in this case certainly was. *Id.* Thus, we cannot say that Mr. Marsillo is correct that the advertisement is indicative that the sale was not conducted in compliance with Section 2329.20.

{¶15} Finally, we address Mr. Marsillo's argument that the trial court abused its discretion when it did not hold a hearing on his motion to set aside the sheriff's sale. "[T]here is no statutory dictate that a hearing be held [after a sheriff's sale]." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 567 (1996), quoting *Union Bank Co. v. Brumbaugh*, 69 Ohio St.2d 202, 208 (1982). Nevertheless, Mr. Marsillo argues that the trial court's decision not to hold one was an abuse of discretion because he was prevented from presenting evidence because the trial court did not hold a hearing on his motion. However, Mr. Marsillo's motion to set aside

the sheriff's sale generally relied upon conclusory statements or technical deficiencies in the sale rather than alleging facts that could establish that he suffered actual prejudice. We cannot say, in light of the arguments and allegations set forth in Mr. Marsillo's motion to set aside the sale that the trial court abused its discretion when it denied his motion without a hearing.

{¶16} We are cognizant that Mr. Marsillo most likely made an error when he bid on the property in this case and are sympathetic to his position. However, we are also aware of the standard of review and the inherent deference this court must give the trial court's decision. Upon a review of Mr. Marsillo's motion to set aside the sheriff's sale and his arguments on appeal, we cannot conclude that the trial court abused its discretion when it denied the motion. Accordingly, Mr. Marsillo's assignment of error is overruled.

III.

{¶17} Mr. Marsillo's assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JOSEPH E. OLIVER, Attorney at Law, for Appellant.

KEVIN M. FIELDS and ERIKA R. FINLEY, Attorneys at Law, for Appellee.

DANIEL WHITE, Attorney at Law, for Appellee.

KIRK SAMPSON, Attorney at Law, for Appellee.