[Cite as *Village At Gender Condominium Assn. v. JHM Rental Mgt., L.L.C.*, 2021-Ohio-3216.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Village At Gender Condominium Association, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 19AP-834 |
| v. | | (C.P.C. No. 16CV-9522) |
| | : | |
| JHM Rental Management LLC et al., | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellees, | : | |
| | : | |
| (Hassan Ghetas, | : | |
| | : | |
| Intervenor-Appellant). | : | |

D E C I S I O N

Rendered on September 16, 2021

**On brief:** *Kaman & Cusimano. LLC*, *Michelle L. Polly-Murphy* and *Darcy Mehling Good*, for plaintiff-appellee Village At Gender Condominium Association.

**On brief:** *McGlinchy Stafford, Melany K. Fontanazza*, for defendant-appellee Nationstar Mortgage LLC dba Mr. Cooper.

**On brief:** *Zach Klein, City Attorney,* and *Andria C. Noble*, for defendant-appellee City of Columbus.

**On brief:** *Omar Tarazi*, for intervenor-appellant Hassan Ghetas.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1}   Intervenor-appellant, Hassan Ghetas ("Ghetas"), appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for relief from judgment and to vacate the sheriff's sale of certain property located at 5167 Mantua Drive, Canal Winchester, Ohio, 43110 ("the Property").   We conclude the trial court did not abuse its discretion because Ghetas failed to demonstrate he was entitled to relief from the judgment; therefore, we affirm.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}   Plaintiff-appellee, Village At Gender Condominium Association ("the Association"), filed a complaint on October 5, 2016, for foreclosure of the Property, which was owned by JHM Rental Management, LLC ("JHM Rental").  The Association asserted JHM Rental failed to pay condominium assessments and other charges as required under the declaration and bylaws governing the Association.  The Association had previously filed a lien against the Property for the unpaid assessments and charges.  The Association sought judgment against JHM Rental for the unpaid assessments and charges and an order that the Property be sold and the proceeds of the sale be applied to satisfy the judgment.

{¶ 3}   Defendant Federal National Mortgage Association ("Fannie Mae"), the predecessor-in-interest to defendant-appellee Nationstar Mortgage, LLC, dba Mr. Cooper ("Nationstar"),[1] filed an answer to the foreclosure complaint asserting it had an interest in the Property, in the form of a first recorded mortgage ("the Fannie Mae/Nationstar Mortgage"), given to secure a promissory note executed by Jirom H. Micael on April 26, 2013.  Fannie Mae requested it be found to have a good and valid first mortgage and that any sheriff's sale of the Property be subject to the Fannie Mae/Nationstar Mortgage.  Defendant-appellee City of Columbus filed an answer asserting it was the holder and owner of three valid judgments against JHM Rental and requested the trial court recognize and protect its liens, and that the liens be satisfied in order of priority from the proceeds of sale.

{¶ 4}   The Association moved for default judgment against JHM Rental and for a decree of foreclosure on November 13, 2017, based on JHM Rental's failure to answer or

---

[1] On June 13, 2019, Fannie Mae moved to substitute Nationstar as a defendant because Fannie Mae had assigned the mortgage to Nationstar.  The trial court granted the motion on July 1, 2019.

otherwise defend the complaint. The trial court granted the motion for default judgment and ordered the Property to be sold subject to the Fannie Mae/Nationstar Mortgage. The Property was sold through an online sheriff's sale on December 28, 2018; Ghetas was the winning bidder. On March 18, 2019, the trial court issued a judgment confirming the sheriff's sale and ordering distribution of the sale proceeds.

{¶ 5} On June 7, 2019, Ghetas filed a motion for relief from judgment under Civ.R. 60(B) and to vacate the sale of the Property. Ghetas asserted he did not know the Property was being sold subject to the Fannie Mae/Nationstar Mortgage when he placed the winning bid, and that he was entitled to relief from the judgment confirming the sale because the sheriff's auction website did not advise him of the encumbrance. Ghetas claimed he first learned of the Fannie Mae/Nationstar Mortgage when he was served as a defendant in a foreclosure action filed by Nationstar. *See Nationstar Mtge., LLC v. Micael*, Franklin C.P. No. 19CV-3946. The Association moved to strike Ghetas's motion, asserting he was not a party to the case and had not been granted permission to intervene. Alternatively, the Association argued Ghetas failed to show he was entitled to relief from the judgment. Ghetas subsequently moved to intervene as a party to the case.

{¶ 6} The trial court granted Ghetas's motion to intervene and denied the Association's motion to strike Ghetas's motion for relief from judgment, concluding Ghetas had standing to intervene as the purchaser of the Property at the foreclosure sale. The court denied Ghetas's motion to vacate the sheriff's sale, holding Ghetas's claim that he did not know the Property was subject to the Fannie Mae/Nationstar Mortgage when he purchased it did not entitle him to relief from the judgment. Ghetas timely appealed the trial court's denial of his motion for relief from judgment.

## II. ASSIGNMENT OF ERROR

{¶ 7} Ghetas assigns the following as error:

> The Trial Court erred as a matter of law and abused its discretion in denying Appellant's 60(B) motion.

## III. STANDARD OF REVIEW

{¶ 8} "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). An

abuse of discretion " 'connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Star Merchandise, LLC v. Haehn*, 10th Dist. No. 16AP-39, 2016-Ohio-8018, ¶ 11.

## IV. LEGAL ANALYSIS

{¶ 9} Ghetas argued he was entitled to relief from the judgment because when he purchased the Property at auction, he was not aware it was subject to the Fannie Mae/Nationstar Mortgage. Ghetas claimed he had not previously participated in a sheriff's auction before buying the Property and that the bidding screen of the auction website did not indicate the Property was subject to a lien. He asserted he spent his family's life savings to purchase the Property and borrowed additional money to renovate it. Ghetas argued it was unjust for him to lose his family's savings and the money he borrowed when the auction website failed to warn him of the lien on the Property.

{¶ 10} Under Civ.R. 60(B), a trial court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

A party seeking relief under Civ.R. 60(B) must show (1) he has a meritorious defense or claim to present if relief is granted, (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the motion was made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. The elements of the *GTE Automatic* test are conjunctive, and a movant must establish all three to obtain relief. *Haehn* at ¶ 28, citing *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151 (1996).

**A.    Second prong of the *GTE Automatic* test: whether Ghetas was entitled to relief under Civ.R. 60(B)(1) though (5)**

{¶ 11} The trial court's analysis focused on the second element of the *GTE Automatic* test—i.e., whether Ghetas established he was entitled to relief based on one of the grounds set forth in Civ.R. 60(B)(1) through (5).  The court construed Ghetas's claim that he did not know the Property was subject to the Fannie Mae/Nationstar Mortgage to be a claim for relief based on a unilateral mistake.  Applying the general principles governing recission of a contract based on a unilateral mistake, the trial court concluded Ghetas was not entitled to relief from the judgment confirming the sale because he failed to demonstrate that any of the other parties knew or should have known of his mistake.  The court further found Ghetas failed to allege excusable neglect or any other grounds for relief under Civ.R. 60(B).

### 1.  Relief under Civ.R. 60(B)(1) for a unilateral mistake

{¶ 12} On appeal, Ghetas claims very few properties sold at sheriff's auction are subject to liens and argues the sheriff's auction website should provide a specific warning when a property is being sold subject to a known lien.  He alleges it was standard procedure during in-person sheriff's auctions to announce several times that a property was being sold subject to a lien, and asserts the online auctions should incorporate similar practices "to try to protect people from making mistakes."  (Appellant's Brief at 9.)  Because Ghetas admits he bid on the Property believing it was not subject to any encumbrances, his claim appears to be based on a unilateral mistake under Civ.R. 60(B)(1).

{¶ 13} This court has noted that "[g]enerally, ' "relief for a unilateral mistake of fact will be denied where such mistake is the result of the negligence of the party seeking relief." ' "  *First Third Bank v. Banks*, 10th Dist. No. 2005-Ohio-4972, ¶ 23, quoting *Nationsbanc Mtge. Corp. v. Jones*, 7th Dist. No. 99 C.A. 236 (Mar. 30, 2001), quoting *Citizens Fed. Bank v. Moncarz*, 1st Dist. No. C-940300 (May 31, 1995).  In *Banks*, Fifth Third Bank obtained a default judgment of foreclosure on a property on which it held a second mortgage.  *Id.* at ¶ 2-3.  The Massachusetts Company had been named as a defendant to the foreclosure complaint because a title search indicated the first mortgage on the property, which originally had been held by National City Bank, had been assigned to The Massachusetts Company.  *Id.* at ¶ 2.  One day before the scheduled sheriff's sale, National City Bank moved to intervene and for relief from judgment, asserting the

assignment of the mortgage had been erroneously recorded and claiming it had continuously held the first mortgage on the property. *Id.* at ¶ 3-5. The trial court granted the motion for relief from judgment, finding National City Bank was entitled to relief under Civ.R. 60(B)(1) because the erroneous filing of the assignment was a unilateral mistake. *Id.* at ¶ 10.

{¶ 14} On appeal, this court reversed, concluding the "sole cause" of National City Bank's mortgage interest going unrecognized was its "unilateral negligence in managing its business papers and concomitant failure to comply with the recording statutes." *Id.* at ¶ 33. We noted that "all of the records necessary to avoid the mistake, or to timely correct it, were at all times in the possession and control" of National City Bank. *Id.* at ¶ 26. Thus, National City Bank's mistake was "clearly unilateral, and was the result of negligence." *Id.* Under those circumstances, "[s]uch conduct cannot serve as the basis for granting relief pursuant to Civ.R. 60(B)(1)." *Id.* at ¶ 33.

{¶ 15} Like *Banks*, Ghetas's mistake in this case was unilateral and resulted from his own negligence. The records necessary to determine whether the Property was subject to a lien were readily accessible to Ghetas before bidding on it. The sheriff's website contains a general notice that all real property sold at public auction may be subject to liens that may not be extinguished by the sale. The description of the Property on the sheriff's auction website included the associated foreclosure case number. The default judgment and foreclosure order, which was publicly accessible by searching the Clerk of Courts' website using the foreclosure case number, explicitly stated the foreclosure sale as "SUBJECT TO the mortgage of Defendant Federal National Mortgage Association." (Decree of Judgment & Foreclosure at 3.) The notice of sale for the Property published in *The Daily Reporter* also stated the Property was to be sold subject to the Fannie Mae/Nationstar Mortgage. Moreover, the auction website bidding screen for the Property included a link to the full listing, which contained a note indicating the Property was being sold subject to the Fannie Mae/Nationstar Mortgage.

{¶ 16} Ghetas effectively admitted in his brief on appeal that he could have discovered the Fannie Mae/Nationstar Mortgage before placing his bid, stating "[a] user would need to actually click on the property and do detailed investigation to discover [whether a property was being sold subject to a lien]." (Appellant's Brief at 6.) Far from

being a "detailed investigation," all that was required was for Ghetas to click a link and read the full property description before bidding tens of thousands of dollars for the Property. His failure to do so resulted in a mistaken belief about whether the Property was encumbered by a lien; such a mistake "cannot serve as the basis for granting relief pursuant to Civ.R. 60(B)(1)." *Banks* at ¶ 33.

### 2. Relief under Civ.R. 60(B)(1) for excusable neglect

{¶ 17} For the same reasons, Ghetas's failure to determine the conditions of the sale does not constitute "excusable neglect" warranting relief from the judgment under Civ.R. 60(B)(1).  " '[E]xcusable neglect is not present if the party seeking relief could have prevented the circumstances from occurring.' "  *Porter, Wright, Morris & Arthur, LLP v. Frutta Del Mondo, Ltd.*, 10th Dist. No. 08AP-69, 2008-Ohio-3567, ¶ 22, quoting *Stuller v. Price*, 10th Dist. No. 02AP-29, 2003-Ohio-583, ¶ 52.  *See also FV-I, Inc. v. Knecht*, 10th Dist. No. 17AP-865, 2019-Ohio-5197, ¶ 51 ("[W]ithout special circumstances justifying it, excusable neglect typically will not exist where a party or its counsel has brought on itself a consequence that it ought to have prevented.").  As explained above, Ghetas had access to all the information necessary to discover the Property was being sold subject to the Fannie Mae/Nationstar Mortgage.  He could have learned all the conditions of the auction before submitting his bid and his failure to do so is not excusable neglect.

### 3. Relief under Civ.R. 60(B)(5) 'catch-all' provision

{¶ 18} Ghetas also is not entitled to relief under the 'catch-all' provision of Civ.R. 60(B)(5), which "applies only when a more specific provision does not." *Natl. City Bank v. Calvey*, 10th Dist. No. 05AP-1229, 2006-Ohio-3101, ¶ 13.  Civ.R. 60(B)(5) " 'reflect[s] the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B).' " *Wireless Resource, LLC v. Garner*, 10th Dist. No. 11AP-1038, 2012-Ohio-2080, ¶ 16, quoting *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983), paragraph one of the syllabus.  In this case, Ghetas does not provide any reason why he is entitled to relief other than his unilateral mistake; because the more specific provision of Civ.R. 60(B)(1) applies to Ghetas's claim, he cannot rely on Civ.R. 60(B)(5).  *Calvey* at ¶ 13.

**B.    First and third prongs of the *GTE Automatic* test: whether Ghetas has a meritorious defense or claim and whether the motion was timely filed**

{¶ 19} The elements of the *GTE Automatic* test are conjunctive; because Ghetas failed to satisfy the second prong, he was not entitled to relief from the judgment under Civ.R. 60(B) and we need not determine whether he satisfied the first and third prongs. However, we note that, regarding the first prong, the trial court found Ghetas "[did] not identify a valid defense and fail[ed] to allege any operative facts that would give rise to one." (Decision & Entry at 5.)   Likewise, in his brief on appeal, Ghetas failed to identify any meritorious claim or defense to be presented if he was granted relief.   Regarding the third prong, Ghetas filed his motion for relief from judgment within three months of the judgment entry confirming the sale.   We reach no conclusion as to whether that constitutes "a reasonable time" for purposes of the *GTE Automatic* test.

{¶ 20}   Because Ghetas failed to demonstrate he was entitled for relief under one of the grounds set forth in Civ.R. 60(B)(1) through (5), the trial court did not abuse its discretion by denying Ghetas's motion for relief from judgment.

**C.    Consideration of principles governing recission of a contract**

{¶ 21}   The Ninth District Court of Appeals reached the same result in a similar case by applying substantive contract law rather than the standard for relief under Civ.R. 60(B). *Brandywine Preserve Cluster Assn. v. Carter*, 9th Dist. No. 27584, 2015-Ohio-4163.   In *Carter*, a homeowners' association obtained foreclosure on a property based on unpaid expenses and assessments. *Id.* at ¶ 2.   An order of sale was issued indicating the property would be sold subject to an existing mortgage. *Id.* at ¶ 2-3.   The individual who placed the winning bid at auction later moved to set aside the sale after learning the property was encumbered by a mortgage.   The trial court allowed the winning bidder to intervene in the foreclosure case but denied his motion to set aside the sale. *Id.* at ¶ 3.

{¶ 22}   On appeal, the winning bidder argued, in relevant part, that the sale should have been set aside because he mistakenly believed the property was not encumbered. *Id.* at ¶ 5.  The Ninth District affirmed the trial court's denial of the motion to set aside the sale. Applying contract law principles, the court noted that a contract may be rescinded due to a unilateral mistake when the party seeking rescission shows (1) it made a mistake at the time the contract was entered into, (2) the mistake had an adverse material effect on the

mistaken party, and (3) the other party knew or should have known of the mistake. *Id.* at ¶ 8. The court further stated a unilateral mistake renders a contract voidable by a party " 'if he does not bear the risk of the mistake,' " and " '[a] party bears the risk of a mistake when * * * the risk is allocated to him by the court on the ground that it is reasonable in the circumstances to do so.' " *Id.*, first quoting Restatement of the Law 2d, Contracts, Section 153 (1981), and then quoting Restatement of the Law 2d, Contracts, Section 154(c) (1981). The court found "[t]he mistake occurred because [the bidder] did not understand the import of the [foreclosure sale] advertisement, which clearly indicated that the mortgage on the property exceeded the value of the property." *Id.* at ¶ 9. There was no indication any other party spoke with the winning bidder before the auction and, therefore, no reason any other party knew or should have known of his mistaken belief. *Id.* Moreover, because no party to the foreclosure action gave the winning bidder incorrect information, the court concluded it was reasonable to allocate the risk of the mistake to the winning bidder. *Id.*

{¶ 23} In this case, as in *Carter*, there is no indication any other party to the foreclosure knew or should have known about Ghetas's mistaken belief that the Property was unencumbered. Likewise, under these circumstances, it is reasonable to allocate the risk of such a mistake to Ghetas, who had access to all the information necessary to learn that the Property was being sold subject to the Fannie Mae/Nationstar Mortgage.

## V. CONCLUSION

{¶ 24} For the foregoing reasons, we overrule Ghetas's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and KLATT, JJ., concur.

_____