MICHIGAN MORTGAGE CORPORATION,
APPELLEE AND CROSS-APPELLANT, *v.*
OAKLEY ET AL.; FELTY, APPELLANT AND CROSS-APPELLEE.

(Nos. 277 and 323—Decided April 2, 1980.)

*Messrs. Kohnen & Kohnen* and *Mr. Roger W. Healey,* for appellee.

*Messrs. Ruppert, Bronson & Chicarelli* and *Mr. David A. Chicarelli,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal in case No. 323 and the cross-appeal in case No. 277 from the Court of Common Pleas of Warren County.

The matter commenced as an action in foreclosure brought by plaintiff-appellee, Michigan Mortgage Corporation. A judgment, decree of foreclosure and order of sale were duly entered. The sheriff's sale was held at 10:00 a.m., March 20, 1978. Defendant-appellant, Geneva Felty, was the sole bidder and the property was struck off to her on her bid of $16,000, that being two-thirds of the appraised value. At 3:37 p.m. that same date appellee moved to set aside the sheriff's sale "for the reason that due to a mistake the property was sold for an inadequate price and that such sale should be set aside in the interest of justice." The "mistake" was that appellee's attorney, expecting the sheriff's sale to be held at 11:00 a.m., as they were in his home county, had not arrived until 10:30 a.m., at which time the sale had already been completed. The court granted the motion to set aside the sale, conditioned on ap-

pellee paying appellant $350 for her expenses in the matter. The court explained its rationale as follows:

"[S]ince the motion to set aside the sale was filed on the very same day of the sale, there was no chance for Geneva Felty to substantially change her position in reliance upon the sale, and it would be inequitable and unfair to deprive the plaintiff of an opportunity to enter a bid on the premises solely because of the misunderstanding and mistake of counsel."

Appellant appealed this order but her appeal was dismissed by this court on October 2, 1978, for the reason that the order appealed from was not a final order (case No. 277).

Subsequently, appellant was again the successful bidder at a sheriff's sale on a bid of $25,700; the sale was duly confirmed, a deed ordered and the proceeds of sale ordered distributed.

Appellant then brought her second appeal (case No. 323) assigning as error the court's setting aside of the original sheriff's sale. Appellant's position is that R. C. 2329.31 is mandatory in form and requires that a court confirm the sheriff's sale if such sale was made in conformity with law. There being no question here that the sale was so conducted, the court erred, argues appellant, in setting that sale aside.

Responding to this same argument the Ohio Supreme Court stated:

"* * * Such a construction of the statute and of the powers of the court is not only against the common understanding of the profession, and at variance with the uniform practice of the courts, but we believe it is, both upon principle and authority, untenable." *Reed* v. *Radigan* (1884), 42 Ohio St. 292, 293.

The court held in *Reed* that whether a sale should be confirmed or set aside was within the sound discretion of the trial court. Cases cited by appellant as well as appellee, all recognize that principle.

The sole question, then, is whether the trial court abused its discretion under the circumstances. Although the general policy of the law is to give judicial sales finality, it would appear from the decision in *Reed* that, at least until the sale has been confirmed, the court has wide discretion to avoid "hardship and sacrifice." *Id.*, at 293.

The only case cited to us wherein an appellate court found an abuse of discretion in the trial court's refusal to confirm a

judicial sale is *Central National Bank of Cleveland* v. *Ely* (1942), 37 Ohio Law Abs. 18. In that case the parties who were trying to set aside the sheriff's sale were the debtors and the assignees of the debtors, who, it would appear, were just trying to make a beneficial side deal rather than bidding at the sheriff's sale. On its facts the case is inapposite to the case *sub judice.*

The appellate courts have upheld the trial court's discretion in a variety of situations. In *Merkle* v. *Merkle* (1961), 116 Ohio App. 370, even though all parties were present at the sheriff's sale of a farm sold as the result of an action in partition, the trial court refused to confirm the sale because one party stated "that he had been confused" (*id.,* at 371) at the sale and intended to bid substantially more. The trial court's order to readvertise and resell was held to be within its sound discretion.

In *Home Owners' Loan Corp.* v. *Wadsworth* (1938), 60 Ohio App. 60, a third party and the creditor each thought the property had been struck off to him or it. The creditor argued that if it had not believed its bid had been accepted, it would have bid more to cover its security. On its second remand of the matter to the trial court, this court stated:

"It appears that the trial court concluded that the return of the sheriff was conclusive. While such return does carry a presumption of regularity it is always a rebuttable presumption.

"Further, the trial court always possesses the power in its sound discretion to set aside any sale in the interests of justice, especially when it appears there is some confusion as to just what occurred at the sale and there is a substantial showing that the sale price is inadequate.

"It was the hope of this court in previously remanding the case that the trial court would in its sound discretion order a new sale. It is now our conclusion that it should have done so, and we again remand the case with instructions to so order." *Id.,* at 63-64.

On the facts before us, while recognizing the importance of finality in sheriff's sales, and while not excusing tardy appearances by counsel, the fact remains that confirming the first sale would have resulted in a loss of almost $10,000 to the appellee, or defendants James and Mary Oakley, the mort-

gagors. This would defeat the prime object of the sale. Furthermore, appellee acted promptly to have the sale set aside. We find the trial court exercised a sound discretion. The assignment of error is overruled.

As previously noted, appellant's appeal in case No. 277 was dismissed. Appellee had filed a cross-appeal in that case assigning as error the trial court's approval of the appraisal of the property. Since there have been subsequent appraisals and a sale, any defects in the original appraisal are now moot. Accordingly, the assignment of error is overruled. For these reasons appellee's cross-appeal in case No. 277 must be dismissed and the final order of the Court of Common Pleas of Warren County (case No. 323) affirmed.

*Judgment accordingly.*

BETTMAN, P. J., SHANNON and BLACK, JJ., concur.