[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
We overrule the appellant's first assignment of error, because the record before us on appeal does not support the appellant's contention that the appellee's complaint for foreclosure was subject to dismissal for lack of subject-matter jurisdiction. See Civ.R. 53(E)(4)(b) (which permits a trial court to disregard "additional evidence proffered upon objections" to the magistrate's decision, when the objecting party has failed to demonstrate that he could not, "with reasonable diligence[,] * * * have produced that evidence for the magistrate's consideration").
We overrule the second assignment of error upon our determination that the common pleas court, by confirming the foreclosure sale, did not abuse the discretion conferred by R.C. 2329.31. See Ohio Sav. Bank v. Ambrose
(1990), 56 Ohio St.3d 53, 55, 563 N.E.2d 1388, 1390 (acknowledging that, although R.C. 2329.31 "speaks in mandatory terms, it has long been recognized that the trial court has discretion to grant or deny confirmation" of a judicial sale). The record supports the court's determination that the sale conformed in all respects with R.C. 2329.01
through 2329.61. See R.C. 2329.31. Moreover, under the circumstances, the court's confirmation of the sale cannot be said to have worked such a hardship upon or demanded such a sacrifice by the appellant that the objectives of the sale were not served. Cf. Michigan Mtge. Corp. v.Oakley (1980), 68 Ohio App.2d 83, 84-86, 426 N.E.2d 1195, 1196-1197
(holding that, "[a]lthough the general policy of the law is to give judicial sales finality, * * * [a trial] court has wide discretion to avoid `hardship and sacrifice'" until a sale is confirmed, Reed v.Ratigan [1884], 42 Ohio St. 292, 293, and that the trial court did not abuse its discretion by setting aside the foreclosure sale, when the sale price was inadequate, thus "defeat[ing] the prime object[ive] of the sale," and the mortgagee acted promptly to have the sale set aside).
Therefore, we affirm the judgment of the court below.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.