DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Hocking County Common Pleas Court judgment that denied the joint motion to set aside a sheriffs sale, to confirm the sale, to order a deed and distribute the proceeds.
 {¶ 2} Oak Hill Banks (Oak Hill), defendant below and appellant herein, raises *Page 2 
the following assignments of error for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN OVERRULING PLAINTIFF FEDERAL HOME LOAN MORTGAGE CORPORATION AND DEFENDANT OAK HILL BANKS' JOINTLY FILED MOTION TO SET ASIDE THE SHERIFF'S SALE RESULTING FROM A MISTAKE IN THE BIDDING PROCESS AS INDICATED BY THE TRIAL COURT JUDGE'S FINDINGS OF FACT PARAGRAPHS 6 AND 7 AND CONCLUSIONS OF LAW PARAGRAPH 1, 2 AND 3."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN OVERRULING PLAINTIFF FEDERAL HOME LOAN MORTGAGE CORPORATION AND DEFENDANT OAK HILL BANKS' JOINTLY FILED MOTION TO SET ASIDE THE SHERIFF'S SALE BECAUSE OF PROCEDURAL DEFECTS AS INDICATED BY THE TRIAL COURT JUDGE'S CONCLUSIONS OF LAW PARAGRAPH 4."
 {¶ 3} On June 15, 2006, Federal Home Loan Mortgage Corporation (Federal) filed a complaint for foreclosure against Charles E. Langdon and Gwendolyn S. Langdon. The complaint also named Oak Hill, American General Financial Services, Inc., and the Hocking County Treasurer as defendants. Federal Home subsequently filed an amended complaint that named Hide-A-Way Hills Club as a defendant.
 {¶ 4} On July 10, 2006, the Langdons forwarded letters to the trial court and claimed that their debt had been discharged in bankruptcy. The letters stated: "[W]e have served upon the attorney for the plaintiff(s) our answer to the complaint and are *Page 3 
enclosing a copy of said answer herewith." The attachment is a letter addressed to plaintiff's counsel stating that the bankruptcy court discharged the debt.
 {¶ 5} Oak Hill filed a cross-claim and alleged that the Langdons executed a promissory note. Both Federal Home and Oak Hill subsequently filed separate motions for default judgment against the Langdons. The trial court entered a default judgment against the Langdons and found that all necessary parties were served and that the Langdons "are in default of Answer."
 {¶ 6} On January 26, 2007, a sheriffs sale was conducted. A local attorney (Ms. Jordan) attended the sale on behalf of Federal Home and Oak Hill, which had ostensibly provided specific bidding instructions.[1] The bidding started at two-thirds of the appraised value of the property and Gregory Cini (intervenor/appellee) submitted the highest bid at $91,000. Because the bidding did not reach $99,380, Jordan did not bid on the real estate.
 {¶ 7} On February 12, 2007, Federal Home and Oak Hill filed a joint motion to set aside the sheriffs sale. They alleged that apparently the bidding instructions confused their agent and resulted in the failure to place a bid. Federal Home and Oak Hill included affidavits to explain the apparent confusion. Attorney Phillip Barragate stated that he reviewed the bidding instructions from Oak Hill and that Oak Hill instructed him "to begin bidding at $99,380.00 and to bid up to $150,000.00." He included the letter addressed to Robert L. Lilley Co., LPA (the firm at which Jordan was an associate) that described the bidding instructions, which Barragate authored. The *Page 4 
letter reads:
 "Enclosed herewith please find the bidding instructions for the Sheriffs sale of the subject premises * * * pursuant to your agreement to attend said sale in Hocking County on January 26, 2007. Our client has instructed that you are to start our bidding at $99,380.00, and, if there is competitive bidding, you are to bid in increments of no more than $1,000.00, up to but no more than $150,000.00 for this property.
 Please call Adam Schwarz at extension #188 of our office the day of the sale with the results thereof. If our client is the successful bidder, the Deed for this property should be made to Oak Hill Bank[s].
 Please be advised that you are to bid on behalf of the Defendant, Oak Hill Bank[s]. * * * *."
 {¶ 8} Lilley's affidavit explained that Jordan attended the sheriff's sale on behalf of his office, and later that day the Shapiro and Felty firm advised his office that Jordan had not properly followed the bidding instructions. Jordan then contacted Cini, the successful bidder, and explained the problem and requested that he assign his bid to the lender. Cini refused, however.
 {¶ 9} Jordan's affidavit states that she reviewed email communication between Shapiro and Felty and Oak Hill that explained the bidding process and that the emails "were somewhat confusing." Before the sale, Jordan reviewed Barragate's letter that contained the bidding instructions. Jordan stated that the letter advised "to `start our bidding' (for Oak Hill Banks) at $99,380.00, and to bid up to $150,000.00 for the property, bidding in increments of no more than $1,000.00." She "assumed that the $99,380.00 was the minimum bid as is the usual practice." She further averred that when she arrived at the sale she "discovered that $99,380.00 was not in fact the minimum bid. However, the instructions did not tell me to open the bidding at that amount, but to start bidding on behalf of Oak Hill Banks at that amount." She further *Page 5 
explained that the emails "seemed to indicate Oak Hill Bank's [sic] desire to obtain the property, [but] the final instruction I received was the letter, which was the standard letter sent by Shapiro and Felty, and I assumed it was the final statement of their client's wishes regarding the sale." She explained that pursuant to these instructions, she "intended to start bidding for Oak Hill Banks at $99,380.00. However, the bidding never reached that amount * * *." She stated: "Had my instructions told me to open the bidding at $99,380.00, I would have done so. However, that is not what they said. I did not realize that they were ambiguous until I contacted Shapiro and Felty to report the outcome of the sale, and they informed me that I had not properly followed the instructions."
 {¶ 10} Federal Home and Oak Hill also argued that the trial court should not have granted a default judgment against the Langdons because the Langdons filed what, they assert, could be construed as an answer. They thus argued that the trial court's default judgment was improper. On February 22, 2007, Greg Cini filed a motion to intervene, which the trial court subsequently granted.
 {¶ 11} At the hearing on Federal Home and Oak Hill's joint motion to set aside the sheriff's sale, the trial court noted that Jordan "did exactly what [Mr. Barragate] instructed her to do." The court explained: "This whole thing confuses me. You send her a letter [that] says do this. She does that. * * * And [then Shapiro and Felty states] well, we didn't mean her to do that, even though our instructions are terrible and in [the court's] opinion bordering on malpractice, we want to set aside the sale." In continuing to question Federal Home's counsel, the court stated that the mistake that occurred was not a mistake in the bidding process but "in a poorly drafted instruction." *Page 6 
 {¶ 12} Federal Home and Oak Hill also argued that the trial court improperly entered a default judgment against the Langdons, because they filed "letters" that could constitute answers, thus leading to a title defect. Cini's counsel objected to this argument and asserted that neither Federal Home nor Oak Hill have standing to challenge the entry of default judgment and that they created the problem by filing the motion for default judgment in the first instance. Cini's counsel further asserted that the issue of a title defect "is an issue for the purchaser at sale."
 {¶ 13} On June 7, 2007, the trial court denied the motion to set aside the sheriffs sale. The court found that the instructions were poorly drafted and that Jordan followed them literally, that any negligence is attributable to the attorney for Federal Home, and Federal Home's and Oak Hill's negligence is not a proper ground to vacate the sale. The court also rejected the argument concerning the procedural defect in entering a default judgment leading to a possible defect in title.
 {¶ 14} On July 2, 2007, the court entered judgment that confirmed the sheriff's sale, ordered a deed and distributed the proceeds. This appeal followed.[2]
 I A {¶ 15} In its first assignment of error, Oak Hill asserts that the trial court abused its discretion by failing to set aside the sheriff's sale when the attorney bidding on its and Federal Home's behalf was confused about the starting point of the bid and consequently, failed to bid. Oak Hill asserts that the attorney "was clearly operating *Page 7 
under an erroneous conviction of fact as she was confused about the starting point of the bid."
 {¶ 16} R.C. 2329.01 through R.C. 2329.61 govern foreclosure executions. Once a sale is complete, R.C. 2329.31 requires a trial court to confirm the sale, provided the court finds "that the sale was made, in all respects, in conformity with sections 2329.01 to 2329.61, inclusive, of the Revised Code." "While the statute speaks in mandatory terms, it has long been recognized that the trial court has discretion to grant or deny confirmation." Ohio Sav. Bank v. Ambrose (1990),56 Ohio St.3d 53, 55, 563 N.E.2d 1388; see, also, Michigan Mtge. Corp. v.Oakley (1980), 68 Ohio App.2d 83, 426 N.E.2d 1195, paragraph two of the syllabus. "`Whether a judicial sale should be confirmed or set aside is within the sound discretion of the trial court.'" Ohio Sav. Bank,56 Ohio St.3d at 55, quoting Michigan Mtge. Corp, paragraph two of the syllabus. Therefore, we review a trial court's decision regarding a motion to set aside a sheriff's sale for an abuse of discretion.[3] An "abuse of discretion" implies that a court acted in "an unreasonable, arbitrary, or unconscionable manner." See, e.g., State ex rel. Sartiniv. Yost, 96 Ohio St.3d 37, 2002-Ohio-3317, 770 N.E.2d 584, at]}21;State v. Herring (2002), 94 Ohio St.3d 246, 255, 762 N.E.2d 940;Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. An abuse of discretion amounts to more than a mere error of law, but instead, equates to a "perversity of will, passion, prejudice, *Page 8 
partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621, 614 N.E.2d 748. Furthermore, when applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court. See, e.g., Berk v. Matthews (1990),53 Ohio St.3d 161, 169, 559 N.E.2d 1301.
 {¶ 17} "[I]n exercising its discretion in a foreclosure action, the court must keep in mind that the primary purpose of the judicial sale is to protect the interest of the mortgagor-debtor and to promote a general policy which provides judicial sales with a certain degree of finality.Ohio Sav. Bank, 56 Ohio St.3d at 56. Therefore, the confirmation of a judicial sale cannot be set aside except for `fraud, mistake or some other cause, for which equity would avoid a like mistake between private parties.' Dairymen's Cooperative Sales Co., Inc. v. Frederick Dairy,Inc. (1934), 17 Ohio Law Abs. 690, 692." Society Nat. Bank v. Wolff
(Apr. 26, 1991), Sandusky App. No. S-90-13. "If a successful bidder in good faith can have a sale set aside simply because another potential bidder * * * decides he would have bid higher and wants a second chance, then no bid can be awarded with confidence at a sale." HarrisTrust, at ¶ 6.
 {¶ 18} In the case sub judice, Oak Hill does not argue that the sale failed to comply with the applicable statutes. Instead, Oak Hill asserts that a mistake occurred that resulted in its agent failing to place a bid. "The legal definition of mistake, as it appears in Black's Law Dictionary (6th Ed.1990) 1001, provides, in part: `Some unintentional act, omission, or error arising from ignorance, surprise, imposition or misplaced confidence. A state of mind not in accord with reality. A mistake exists when a person, under some erroneous conviction of law or fact, does, or omits to do, some act which, but for the erroneous conviction, he would not have done or omitted.'" Society Nat. Bank, supra. *Page 9 
 {¶ 19} Various Ohio cases have discussed the concept of mistake or confusion in the context of a sheriffs sale of real estate. InAtlantic Mtge. Invest. Corp. v. Sayers, Ashtabula App. No. 2000-A-0081, the court refused to set aside a sale when the appellant's attorney arrived late to the sheriffs sale and, consequently, failed to place a bid. The appellant argued that the sale should be set aside because, through circumstances beyond its control, it was unable to submit a bid. The trial court denied the appellant's motion to set aside the sale and the court of appeals affirmed, finding that the trial court did not abuse its discretion. The court found that the appellant and its attorney knew in advance that the sale would take place on the given date and that the appellant did not make alternate arrangements in the event that the attorney could not attend the sale. The court, therefore, found no good reason to set aside the sale.
 {¶ 20} In Harris Trust, several bidders participated in the sale of the property and the highest and final bid was $650,000. The sale was sufficient to satisfy the first mortgage and a portion of the second mortgage, but, the unsatisfied balance of the second mortgage exceeded $100,000. The appellant filed a motion to set aside the sale and claimed that its representative and a third party both intended to bid up to $800,000. These individuals, however, arrived ten minutes late for the sale and were unable to bid. The appellant argued that it should be allowed to increase the bid so that it could recover the full amount owed on the second mortgage. The trial court denied the appellant's motion and the court of appeals affirmed. The court found that the property sold for more than both the minimum bid and the appraised value, the sale was regular, the bidding was active among several participants, and the failure of the representative and the third party to arrive on time was not good cause to set aside the sale. *Page 10 
 {¶ 21} In American Sav. Loan Assn. v. Taylor (July 31, 1985), Butler App. No. CA85-02-015, the court of appeals found that the trial court abused its discretion by refusing to vacate a sale on the grounds of mistake. In Taylor, the bidding opened at two-thirds of the property's appraised value ($14,000) and appellant's representative made an opening bid of $14,000. Appellee subsequently bid $14,100 and there were no other bids. Appellant's representative alleged that he was distracted and did not hear the higher bid, thus causing him to believe that he had purchased the property for $14,000. When he realized his mistake, he immediately approached the deputy and demanded that the sale be rescinded. The deputy, however, refused to rescind the sale. The appellant then asked the court to vacate the sale on the grounds of mistake and inadvertence. The trial court denied his motion, but the court of appeals reversed the judgment. The court noted that appellant, while in appellees' presence, promptly brought the issue to the deputy's attention, that the bid fell far below the property's market value and the amount of the mortgage on the property.
 {¶ 22} In the case at bar, we do not believe that the trial court abused its discretion by declining to set aside the sheriff's sale. We agree with the trial court's analysis that Jordan simply and precisely followed Barragate's bidding instructions that advised her to start bidding at a certain dollar amount. Because the bidding did not reach that amount, Jordan did not bid. If this was not the intent of the instructions, the instructions did not convey this fact. As the trial court aptly stated, no mistake in the bidding process occurred, but rather, the bidding instructions resulted in Jordan's failure to place a bid. This mistake or confusion is not a mistake or confusion in the bidding process itself, so as to erode public confidence in sheriff's sales. Rather, the mistake or confusion resulted from a prospective bidder's faulty bidding instructions to its agent *Page 11 
that apparently failed to convey the bidder's true intent. The cases set forth above make clear that neglect does not warrant setting aside a sheriffs sale and the equities do not lie with Oak Hill when its bidding instructions caused the failure to bid.
 {¶ 23} Furthermore, we find no evidence that the sheriff failed to conduct the sale in accordance with the applicable statutes. Here, the final sale price was not inadequate. Two-thirds of the property's appraised value is $72,000. Appellee bid against other bidders and submitted the $91,000 winning bid. This bid is $19,000 above the statutory minimum bid of two-thirds the appraised value of the property, and $17,000 less than the property's appraised value.
 {¶ 24} In the end, the trial court fully considered all of the evidence the parties submitted in support of their motion to set aside the sheriff's sale, conducted a hearing and determined that Oak Hill failed to demonstrate that a mistake occurred so as to warrant setting aside the sheriff's sale. We find no abuse of discretion.
 {¶ 25} Accordingly, based upon the foregoing reasons, we hereby overrule Oak Hill's first assignment of error.
 B {¶ 26} In its second assignment of error, Oak Hill contends that the trial court abused its discretion by failing to set aside the sheriff's sale when procedural defects in the service of various pleadings reveal a defect in the property's chain of title. Specifically, Oak Hill argues that the court improperly entered a default judgment against the Langdons because they filed "correspondence" with the court, which essentially constituted an answer.
 {¶ 27} Appellee argues that: (1) Oak Hill lacked standing to overturn the default judgment entered in its favor; (2) Oak Hill did not timely appeal the default judgment *Page 12 
entry; (3) Oak Hill invited the error; and (4) any error is harmless because even if Oak Hill had filed a summary judgment motion, the result would have been the same.
 {¶ 28} We agree with appellee that Oak Hill invited the error and may not raise it on appeal to challenge the trial court's judgment. The "invited error" doctrine prohibits a party who induces error in the trial court from taking advantage of the error on appeal. State ex rel.Fowler v. Smith (1994), 68 Ohio St.3d 357, 359, 626 N.E.2d 950; Hal ArtzLincoln-Mercury, Inc. v. Ford Motor Co. (1986), 28 Ohio St.3d 20,502 N.E.2d 590, paragraph one of the syllabus; Woolridge v. Newman (June 8, 2000), Pike App. No. 99CA635. In the case at bar, Oak Hill filed a motion for default judgment and now asserts that it did so improperly. "We can hardly find error in the judgment of a trial court that grants a party exactly what it asked for, at least in part, and the winning party appeals but not the losing party." Upper Miami Valley Urology Clinic,Inc. v. Peltier (Nov. 22, 1995), Miami App. No. 95-CA-26.
 {¶ 29} Accordingly, based upon the foregoing reasons, we overrule Oak Hill's second assignment of error.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellants the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 13 
Abele, P.J. Harsha, J.: Concur in Judgment Opinion
Kline, J.: Concurs in Judgment Opinion as to Assignment of Error I; Concurs in Judgment Only as to Assignment of Error II
[1] The instructions stated: "Our client has instructed that you are to start our bidding at $99,380.00, and, if there is competitive bidding, you are to bid in increments of no more than $1,000.00, up to but no more than $150,000.00 for this property."
[2] Federal Home Loan Mortgage Corporation filed a notice of appeal and an appellate brief. However, on December 10, 2007 Federal Home Loan Mortgage Corporation dismissed their appeal.
[3] Some courts have reviewed motions to set aside a sheriff's sale under the Civ.R. 60(B) standard. See, e.g., Chase Manhattan Mtge. Corp.v. Edney, Franklin App. No. 06AP-1015, 2007-Ohio-4590. Others do not cite any civil rule for authority, but instead rely on prior case law. See, e.g., Harris Trust Sav. Bank v. Natl. Republic Bank ofChicago, Summit App. No. 21668, 2004-Ohio-1602, citing Ohio Sav. Bank v.Ambrose (1990), 56 Ohio St.3d 53, 55, 563 N.E.2d 1388. In any event, our standard of review is the same — abuse of discretion. *Page 1