[Cite as *CitiMortgage, Inc. v. Nyamusevya*, 2023-Ohio-1583.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CitiMortgage, Inc., | : | |
| Plaintiff-Appellee | : | Nos. 22AP-464 |
| | | & |
| v. | : | 22AP-514 |
| | | (C.P.C. No. 10CV-13480) |
| Leonard Nyamusevya et al., | : | |
| | | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on May 11, 2023

---

**On brief:** *Leonard Nyamusevya*, pro se. **Argued:** *Leonard Nyamusevya*.

**On brief:** *Blank Rome, LLP*, *Robert L. Dawson,* and *John R. Wirthlin*, for appellee. **Argued:** *Robert L. Dawson*.

---

APPEALS from the Franklin County Court of Common Pleas

PER CURIAM

{¶ 1} Defendant-appellant, Leonard Nyamusevya, appeals two entries confirming sale, and ordering distribution of sale proceeds and deed from the Franklin County Court of Common Pleas dated July 6 and August 1, 2022. For the reasons herein, we affirm the trial court's judgments.

I. Procedural History

{¶ 2} Nyamusevya appeals the entries confirming the sale of a residential property stemming from a foreclosure proceeding that began over a decade ago. On September 14, 2010, plaintiff-appellee, CitiMortgage, Inc. ("CitiMortgage"), filed a complaint in foreclosure against Nyamusevya. On November 15, 2018, the Franklin County Court of Common Pleas entered a judgment and decree of foreclosure against Nyamusevya, which was later affirmed by this court. *CitiMortgage, Inc. v. Nyamusevya*, 10th Dist. No. 18AP-

949, 2020-Ohio-5024. On May 1, 2019, while the appeal of the foreclosure judgment was pending, Nyamusevya filed for bankruptcy. The bankruptcy court later issued a discharge of his personal liabilities but did not discharge CitiMortgage's mortgage lien on Nyamusevya's property. *In re Nyamusevya,* 644 B.R. 375 (Bankr.S.D.Ohio 2022).

{¶ 3} Nyamusevya filed a complaint for writs of mandamus and prohibition to undo the foreclosure action judgment on April 5, 2019, but this court dismissed his complaint. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, *aff'd,* 165 Ohio St.3d 22, 2021-Ohio-1122. CitiMortgage's foreclosure action was reactivated on February 5, 2020, and trial court granted CitiMortgage's motion for an order of sale of the property on April 14, 2022.

{¶ 4} On June 10, 2022, the property was sold at a sheriff's sale. The Franklin County Court of Common Pleas issued an Entry Confirming the Sale and Ordering Distribution of Sale Proceeds and Deed on July 6, 2022. On August 1, 2022 the trial court reissued the entry with a correction to the purchaser's name. Nyamusevya appeals both entries.

{¶ 5} In his appeal to this court, Nyamusevya presents five assignments of error. Nyamusevya's assignments of error are as follows:

(1) The lower Court lacked the jurisdiction to enforce the not *in rem* 11/15/2018, Foreclosure Judgment; and lacked the jurisdiction to enter the July 6, 2022 and the August 01, 2022, Confirmation of Sale that were automatically void *ab initio* under 11 U.S.C. § 524(a)(1) and prohibited under 11 U.S.C. § 524(a)(2); and lacked the jurisdiction to act as an appellate Court of the Bankruptcy Court, as it vacated the mandate under § 524 and § 727.

(2) The lower trial Court was barred to exceed its jurisdiction, in order to unlawfully deprive and confiscate the Appellant's paid off real property by extinguishing and vacating existing law and Courts' precedents, not limited to rejecting in *McClung v. McClung*, 10th Dist. Franklin No. 03AP-156, 2004-Ohio-240, and O.R.C. §2329.191(B)(7) and Local Rule 96.

(3) The statutory voidness and statutory injunction created by § 524(a) operated to strip the lower trial Court of the subject matter jurisdiction. After no *in rem* Foreclosure Judgment was entered; hence, the lower trial Court was barred to unlawfully enforce the not *in rem* Foreclosure Judgment that was

automatically voided as the time obtained under 11 U.S. § 524(a)(1).

(4) The Appellant's pending Motions are unopposed by Appellee, not limited to the June 27, 2022, Motion for Fees and Cost (record on appeal # 849) and the August 11, 2022 Motion to Hold the lower trial Court's judgments Orders as void *ab initio* (record on appeal # 873), and are deemed granted; hence, this Court of Appeal is charged to grant the unopposed relief sought.

(5) After the Appellant paid off his real property and after the Bankruptcy's Orders of Discharge were entered; hence, the lower Court was barred to "abolish" the Bankruptcy law and Codes and Rules; and to "abolish" the U.S. Congress's act and intention; and to "abolish" the Bankruptcy process and relief and Orders and the Bankruptcy Court's judicial authority.

(Emphasis sic.)

## II. Legal Analysis

{¶ 6} Confirmation of judicial foreclosure sales in Ohio is governed by R.C. 2329.31, which provides that, if the common pleas court finds that the sale was made in conformity with R.C. Chapter 2329, the court will direct distribution of the proceeds and order that the purchaser receive the deed for the subject property. " 'Whether a judicial sale should be confirmed or set aside is within the sound discretion of the trial court.' " *Ohio Sav.Bank v. Ambrose*, 56 Ohio St.3d 53, 55 (1990), quoting *Michigan Mtge. Corp. v. Oakley*, 68 Ohio App.2d 83 (12th Dist.1980). A court of appeals will reverse a confirmation of sale by the trial court only when the trial court has abused its discretion. *Id*. "An abuse of discretion connotes more than an error of judgment; it implies a decision that is arbitrary or capricious, one that is without a reasonable basis or clearly wrong." *Betz v. Penske Truck Leasing Co., L.P.*, 10th Dist. No. 11AP-982, 2012-Ohio-3472 at ¶ 44, citing *Pembaur v. Leis*, 1 Ohio St.3d 89 (1982); *In re Ghali*, 83 Ohio App.3d 460, 466 (10th Dist.1992). The public policy of Ohio is to promote the finality of judicial sales and lend some certainty to the judicial process of foreclosure. *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, ¶ 23.

{¶ 7} We now turn to Nyamusevya's assignments of error, which we consider together. While Nyamusevya has filed a timely appeal from the entries confirming the

sheriff's sale and ordering distribution of the sale proceeds and deed, his assignments of error improperly attack the underlying foreclosure judgment rather than the entries currently before this court.

{¶ 8} Ohio law allows for appeals of two judgments in foreclosure proceedings—the order of foreclosure and the confirmation of sale. *Roznowski* at ¶ 39. Regarding the former, "[t]he order of foreclosure determines the extent of each lienholder's interest, sets forth the priority of the liens, and determines the other rights and responsibilities of each party in the action." *Id.* at ¶ 39. In an appeal from an order of foreclosure, "the parties may challenge the court's decision to grant the decree of foreclosure," but "[o]nce the order of foreclosure is final and the appeals process has been completed, all rights and responsibilities of the parties have been determined and can no longer be challenged." *Id.*

{¶ 9} In contrast, an appeal of the confirmation of sale process is limited in scope to ensure compliance with R.C. Chapter 2329. *Roznowski* is instructive in highlighting the differences between an appeal of a foreclosure judgment and a confirmation of sale:

> on appeal of the order confirming the sale, the parties may challenge the confirmation of the sale itself, including computation of the final total owed by the mortgagor, accrued interest, and actual amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance. The issues appealed from confirmation are wholly distinct from the issues appealed from the order of foreclosure. In other words, if the parties appeal the confirmation proceedings, they do not get a second bite of the apple, but a first bite of a different fruit.

*Id.* at ¶ 40.

{¶ 10} Here, Nyamusevya has exhausted the appeals process on the foreclosure judgment. He may not resurrect his failed arguments with respect to the foreclosure judgment in his appeal from the confirmation of sale. Nyamusevya repeatedly argues that CitiMortgage's mortgage lien did not survive but was discharged in the bankruptcy proceeding. We note that the Sixth Circuit Court of Appeals found otherwise. "[Nyasumevya]'s discharge precludes CitiMortgage from collecting its debt directly from the Debtor himself (*in personam*) but does not prevent CitiMortgage from liquidating the Debtor's Property to satisfy the debt (*in rem*)." (Emphasis sic.) *Nyamusevya v.*

*CitiMortgage, Inc.*, No. 19-8027, 2021 Bankr. LEXIS 174, *15 (B.A.P. 6th Cir. Jan. 20, 2021).

**{¶ 11}** Since Nyamusevya does not offer arguments that challenge the entries confirming sale, we find no abuse of discretion warranting a reversal of the entries. Having found no abuse of discretion by the trial court, we overrule Nyamusevya's assignments of error, which all pertain to the underlying foreclosure judgment.

## III. Conclusion

**{¶ 12}** We overrrule Nyamusevya's five assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

DORRIAN, BOGGS, and LELAND, JJ. concur.

———————