[Cite as *Main St. Bank v. Black River Pumping Servs., L.L.C.*, 2025-Ohio-87.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

MAIN STREET BANK,

Plaintiff-Appellant,

v.

BLACK RIVER PUMPING SERVS., LLC ET AL,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 BE 0029**

---

Civil Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 23 CV 297

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gerald E. Lofstead III*, Spilman Thomas & Battle, PLLC, for Plaintiff-Appellant and

*Atty. Mark D. Wagoner, Jr., Atty. David J. Coyle* and *Atty. Thomas J. Kirkham,* Shumaker, Loop & Kendrick, LLP, for Intervenor-Appellee Tracy Coulson.


Dated: January 13, 2025

**DICKEY, J.**

{¶1}  Appellant, Main Street Bank, appeals from the July 2, 2024 judgments of the Belmont County Court of Common Pleas denying its motion to set aside a sheriff's sale and confirming the purchase of commercial property by Intervenor/Appellee, Tracy Coulson.  On appeal, Appellant asserts the trial court abused its discretion in confirming the sale in favor of Coulson.  Appellant alleges the court erred in elevating the rights of Coulson, the foreclosure purchaser, over the rights of Appellant, the foreclosing judgment creditor, as well as over the rights of the debtor and its guarantor.  Appellant claims the court erred in nullifying its bid because Appellant mistakenly failed to notify Realauction, the company conducting the online auction, that it was the judgment creditor.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}  On November 9, 2023, Appellant filed a complaint in foreclosure against Black River Pumping Services, LLC ("Black River").  On January 24, 2024, default judgment was entered in favor of Appellant.  Appellant, and others, entered into an agreed order to foreclose which was entered by the trial court on February 20, 2024.

{¶3}  On March 5, 2024, at Appellant's request, the trial court issued an order of sale for commercial property located at 66790 Executive Drive, St. Clairsville, Ohio 43950 (the "Property").  Appellant claims $750,000 was the most recent commercial appraisal for the Property.  That figure, however, is not supported by the record.  Rather, the record reveals the Property was appraised at $295,000 by three independent appraisers and advertised by the Belmont County Sheriff for an online public auction through Realauction.  No objection was made by Appellant regarding the $295,000 appraisal.

{¶4}  Coulson submitted a bid of $196,667, two-thirds of the Property's appraised value.  In accordance with the Belmont County Foreclosure Sale Procedures, Coulson made a deposit of $10,000.  Appellant attempted to submit a bid of $618,300 but failed to make any deposit.  Following the close of the auction on April 11, 2024, the auction website showed Coulson's $196,667 bid as the highest bid.  Next to Appellant's attempted bid of $618,300 was a notation, "Not Enough Deposit."  That same day, the Belmont

County Sheriff's Office filed a return of sale with the trial court identifying Coulson as the "highest and best bidder" with a purchase price of $196,667.

{¶5}    On April 24, 2024, Appellant filed a Motion to Order Sheriff to Accept Bid of Judgment Creditor, or in the Alternative, to Set Aside Sheriff's Sale and Ordering New Sale requesting the trial court to ignore Coulson's successful bid and order the Sheriff to accept Appellant's deficient bid.  Appellant alternatively asked the court to set aside Coulson's purchase and order that the auction be conducted again.  Appellant indicated its attempted bid was rejected because it failed to submit the necessary deposit.  Appellant claimed its employees incorrectly concluded it did not have to submit a deposit.  Appellant also advised the court that it had admittedly failed to notice and abide by the requirement to submit a copy of the court order naming it as the judgment creditor.  Appellant cited no case law, statute, or rule to support its position in its motion to set aside.

{¶6}    The trial court granted Coulson's motion to intervene and she filed a memorandum in opposition to Appellant's motion to set aside on May 6, 2024.  Coulson argued Appellant had no right to bid on the Property without a deposit; Appellant's ignorance of the controlling procedures is not an excusable mistake; and her bid was legally sufficient.

{¶7}    The trial court also granted the Belmont County Sheriff's motion to intervene and he filed a response to Appellant's motion to set aside on May 6, 2024.  The Sheriff clarified that the requirement Appellant admittedly failed to comply with was not just an administrative technicality.  The Sheriff specifically explained:

> Reading only the Motion, the Court may be left with the idea that the requirement that Main Street Bank missed was an administrative detail that the Sheriff slipped into the bidding process and bears no relationship with the bidding process. The Sheriff files this Response to explain the requirement and show where it is contained, so that it is clear why it is included.

(5/6/2024 Sheriff's Response, p. 1).

Case No. 24 BE 0029

**{¶8}** In discussing the deposit requirement for judgment creditors, the Sheriff stated:

> The first sentence does explain that a deposit is not required, as Main Street Bank asserts. But the very next sentence – which is underlined for emphasis – reads, "However, Judgment Creditors are required to submit their bidder number, the bidding style choice (pre-sale manage bid or live bid) AND a copy of the court order stating they are the Judgment Creditor on the case they are bidding to Realauction Customer Service (customerservice@realauction.com) at least one (1) business day prior to the sale date." Further down on the page, Realauction repeats the requirement that the order be submitted, again in underlined text: "If the Judgment Creditor does not submit the bidding style choice AND a copy of the order stating they are the judgment creditor at least one (1) business day before the sale date, they will be required to place the deposit requirement for the case."

(5/6/2024 Sheriff's Response, p. 4); *see* (Belmont County Foreclosure Sale Procedures, p. 4).

**{¶9}** On June 10, 2024, the trial court held a hearing on Appellant's motion to set aside. Appellant offered no additional arguments and failed to cite any case law, statute, or rule to support its position to set aside Coulson's purchase of the Property. Appellant's counsel simply made an equitable argument that Coulson's purchase should be set aside because of Appellant's mistake. Appellant's counsel acknowledged it was the only party that did anything wrong, it understood the Sheriff had online procedures, and that those online procedures laid out what needed to be done. Appellant's counsel did not allege the Sheriff or Coulson did anything wrong. Appellant's counsel even said the website was not to blame for its mistake.

**{¶10}** On June 20, 2024, the trial court issued an order denying Appellant's motion to set aside finding that Appellant failed to show adequate cause to require the Belmont

County Sheriff to accept its bid or to require a new sale of the Property. Accordingly, the court confirmed Coulson's purchase of the Property.

{¶11} On July 2, 2024, the trial court filed a "Special Entry" denying Appellant's motion to set aside and confirming the purchase of the Property by Coulson. The court concluded as follows:

1. Upon the completion of a foreclosure sale, a trial court must confirm the sale "provided that the court finds that 'the sale was made, in all respects, in conformity with sections 2329.01 to 2329.61…of the Revised Code.[']" *Bercutt v. Unknown Heirs of Addis*, 12th Dist. Butler No. CA2020-03-047, 2020-Ohio-5230, ¶ 7 (quoting R.C. 2329.31). Although a court exercises its discretion when confirming a sale, "the broad discretion of the trial court to supervise such sales is not boundless." *Harris Trust & Sav. Bank v. Nat'l Republic Bank of Chicago*, 9th Dist. Summit No. 21668, 2004-Ohio-1602, ¶ 7 (citing *Anchor Sav. Bank v. Hudon*, 5th Dist. Richland No. CA-1876, 1980 WL 354071 (June 26, 1980)).

2. When commercial property is the subject of a judicial sale, R.C. 2329.211(B) requires purchasers to "make a deposit pursuant to the requirements, if any, established for the sale." Here, the subject property was commercial and, thus, R.C. 2329.211(B) required Main Street Bank to make a deposit as mandated by the Belmont County Foreclosure Sale Procedures.

3. The Belmont County Sheriff Foreclosure Sale Procedures require judgment creditors to submit a copy of the court order identifying itself as the judgment creditor to either the Belmont County Sheriff's Office or to the auction website at least one business day before the sale if the judgment creditor wants to place bids without making a deposit. The Foreclosure Sale Procedures also state that "(i)f the Judgment Creditor does not submit a copy of the order stating they are the judgment creditor at least (1) business

day before the sales date, they will be required to place the deposit required for the case."

4. Thus, Main Street Bank was required to submit a copy of the court order showing it was the judgment creditor or make the proper deposit with its bid. Main Street Bank failed to do either.

5. Main Street Bank's argument that it failed to read all of the Foreclosure Sales Procedures is insufficient cause to excuse its noncompliance with the Foreclosure Sales Procedures.

6. Therefore, based upon the record presented, Main Street Bank has failed to show adequate cause to set aside Coulson's purchase of the Property. Accordingly, Main Street Bank's Motion to Order Sheriff to Accept Bid of Judgment Creditor, or, in the Alternative, to Set Aside Sheriff's Sale and Ordering New Sale is denied. Coulson's purchase of the property located at 66790 Executive Drive, St. Clairsville, Ohio 43950 is hereby confirmed.

(7/2/2024 Judgment Entry, p. 3-4); *see also* (7/2/2024 Judgment Entry Confirming Sale And Ordering Deed and Distribution Of Sale Proceeds).

**{¶12}** Appellant's unopposed motion for stay was granted by the trial court.  In this timely appeal, Appellant raises one assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED WHEN IT CONFIRMED THE SALE OF THE PROPERTY LOCATED AT 667[9]0 EXECUTIVE DRIVE, ST. CLAIRSVILLE, OHIO 43950 TO TRACY COULSON.**

**{¶13}** In its sole assignment of error, Appellant argues the trial court erred in confirming the sale of the Property to Coulson.  Appellant raises two issues: (1) "Did the trial court abuse its discretion when confirming the Sale of the Property in favor of Coulson by elevating the rights of Coulson, the foreclosure purchaser, over the rights of the Bank,

the foreclosing judgment creditor, as well as over the rights of the debtor, Black River Pumping Services, LLC, and its guarantor?"; and (2) "Did the trial court abuse its discretion by nullifying Appellant Main Street Bank's bid in a commercial foreclosure when the Appellant mistakenly failed to notify Realauction that the Appellant was the judgment creditor?" (9/3/2024 Appellant's Brief, p. iii).

> Confirmation of judicial foreclosure sales in Ohio is governed by R.C. 2329.31, which provides that, if the common pleas court finds that the sale was made in conformity with R.C. Chapter 2329, the court will direct distribution of the proceeds and order that the purchaser receive the deed for the subject property. "'Whether a judicial sale should be confirmed or set aside is within the sound discretion of the trial court.'" *Ohio Sav. Bank v. Ambrose*, 56 Ohio St.3d 53, 55, 563 N.E.2d 1388 (1990), quoting *Michigan Mtge. Corp. v. Oakley*, 68 Ohio App.2d 83, 426 N.E.2d 1195 (12th Dist.1980). A court of appeals will reverse a confirmation of sale by the trial court only when the trial court has abused its discretion. *Id.*

*CitiMortgage, Inc. v. Nyamusevya*, 2023-Ohio-1583, ¶ 6 (10th Dist.).

{¶14} An abuse of discretion occurs when a court exercises its judgment "in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah,* 2021-Ohio-3304, ¶ 35. "The public policy of Ohio is to promote the finality of judicial sales and lend some certainty to the judicial process of foreclosure." *Nyamusevya* at ¶ 6, citing *CitiMortgage, Inc. v. Roznowski*, 2014-Ohio-1984, ¶ 23.

{¶15} When the judicial sale concerns commercial property, R.C. 2329.211(B) requires purchasers to "make a deposit pursuant to the requirements, if any, established for the sale." In this case, the Belmont County Foreclosure Sale Procedures allow judgment creditors to bid on property without submitting a deposit, *but only if* they submit a copy of the court order naming them as judgment creditor at least one business day before the sale. *See* (Belmont County Foreclosure Sale Procedures, p. 4). That same page clearly warns, "If the Judgment Creditor does not submit a copy of the order stating they are the judgment creditor at least (1) business day before the sale date, they will be required to place the deposit required for the case." (*Id.*)

{¶16} Regarding its first issue, Appellant argues the trial court somehow improperly elevated Coulson's right in the Property over other parties when confirming the sale. However, Appellant did not make specific reference to the rights of any parties or about any factors that the trial court should have considered below. Appellant has waived its argument on appeal. *See Citifinancial, Inc. v. Glover*, 2001-Ohio-3455, *3 (7th Dist.), citing *State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 81 (1997) ("Arguments not presented to the court whose judgment is sought to be reversed are generally waived.")

{¶17} In any event, Appellant cannot assert the rights of non-appealing parties. Appellant maintains "the trial court abused its discretion when confirming the Sale of the Property in favor of Coulson by elevating the rights of Coulson, the foreclosure purchaser, over the rights of the Bank, the foreclosing judgment creditor, as well as over the rights of the debtor, Black River, and its guarantor Dunyasha M. Yetts." (9/3/2024 Appellant's Brief, p. 8). Appellant does not have standing to assert the rights of other parties, including Black River or Yetts, as neither challenged the sale. *See UBS Fin. Servs. Inc. v. Lacava*, 2017-Ohio-7916, ¶ 9 (9th Dist.).

{¶18} Appellant relies on *Ambrose*, 56 Ohio St.3d 53. However, the facts in *Ambrose* are completely different than the facts in the case at bar. In that case, the trial court denied confirmation because the debtor redeemed the property *prior* to confirmation, whereas in this case, the sale has been confirmed. The Supreme Court of Ohio held: "[W]e hold that purchasers at a foreclosure sale have no vested interest in the property prior to confirmation of the sale by the trial court. As a result, the purchasers have no standing to appeal if the trial court subsequently denies confirmation." *Id.* at * 55. Here, by contrast, Coulson does have a vested interest in the Property because the trial court *did* confirm the judicial sale.

{¶19} Appellant's request that "it is through the *Ambrose* lens that this Court should consider whether the trial court abused its discretion by confirming the Sale," *see* (9/3/2024 Appellant's Brief, p. 10), has been rejected by the Supreme Court of Ohio in *Roznowski*, 2014-Ohio-1984:

> [*Ambrose*] involved an attempt by the purchaser at a sheriff's sale to appeal
> the trial court's order denying confirmation of the sheriff's sale after the

Case No. 24 BE 0029

mortgagor redeemed the property. We held that because purchasers at foreclosure have no vested interest in the property before confirmation of sale, they have no standing to appeal if the trial court denies confirmation. . . . *We did not limit what a trial court may consider when determining whether to exercise its discretion to grant or deny confirmation*.

(Emphasis added). *Id.* at ¶ 34.

**{¶20}** *Ambrose* did not limit what a trial court may consider when exercising its discretion to grant or deny confirmation of a judicial sale. Accordingly, Appellant's reliance on *Ambrose* is misplaced.

**{¶21}** Appellant also contends the trial court abused its discretion in failing to conduct an analysis of the factors contained in *CitiMortgage, Inc. v. Bastin*, 2007-Ohio-5848 (C.P.):

> In determining whether to set aside a sheriff's sale, the court will consider the following factors: the difference between the selling price of the property at the sheriff's sale and the amount of indebtedness of the mortgagor, the timeliness of the motion to set aside the sale, and the likelihood that a higher bid could be received by vacating the sale. *Chase Manhattan Mtge. Corp. v. Koan,* Huron App. No. H–02–011, 2002-Ohio-6182, 2002 WL 31521435, ¶ 18–19. In addition to these factors, the court will also consider whether there was more than one active bidder at the sale. *Harris Trust & Sav. Bank* at ¶ 6, 8.

*Bastin* at ¶ 6.

**{¶22}** Appellant's analysis of the *Bastin* factors fails to consider, or even mention, that a trial court may consider other factors when deciding whether to confirm a judicial sale, such as promoting public confidence in judicial sales, at issue in the instant matter. *See First Fed. Sav. & Loan Assn. of Canton, Ohio v. Fromm*, 1977 WL 198702, * 3 (7th Dist. March 10, 1977) ("The Court must weigh the interests of all parties concerned while giving due regard to preserving the stability of judicial sales.") Also, contrary to

Appellant's implication that the presence of the factors mandates denial of confirmation, *Bastin* clearly held:

> While it may be true that more money would be available to the defendant's creditors if the plaintiff is permitted to increase its bid, the court finds that allowing it in this case would be against the public interest. "If a successful bidder in good faith can have a sale set aside simply because another potential bidder * * * decides he would have bid higher and wants a second chance, then no bid can be awarded with confidence at a sale." *Harris Trust & Sav. Bank,* 2004-Ohio-1602, 2004 WL 625799, at ¶ 6.

*Bastin* at ¶ 8.

{¶23} Appellant's first issue is without merit.

{¶24} Regarding its second issue, Appellant argues the trial court erred in nullifying its bid when it mistakenly failed to notify Realauction that Appellant was the judgment creditor. "Mistake" is defined as, "An error, misconception, or misunderstanding; an erroneous belief." *Black's Law Dictionary* (12th ed. 2024). "Neglect" is defined as, "The failure to give proper attention to a person or thing, whether inadvertent, negligent, or willful[.]" *Id.*

{¶25} Appellant's reliance on *New Residential Mtge. LLC v. Barnes*, 2020-Ohio-6907 (12th Dist.) is misplaced. In *Barnes*, the bank was confused because that county never conducted online sheriff's sales before and because the bank had not been provided notice that sales would no longer be conducted at the courthouse. Specifically, the Twelfth District overturned the trial court's confirmation for the following reasons:

> [The bank's] counsel, despite the exercise of some diligence in determining when the sheriff's sale was to be held, was unaware that the sheriff's sale for the Townsley Drive property was being held online. The grid listing of sheriff's sales that [the bank's] counsel viewed on the Sheriff's Office's website did not indicate the scheduled sale was online. The departure from in-person to online sales occurred for the first time in the county on February 10, 2020 – making the Townsley Drive property one of the first properties

to be auctioned online. Furthermore, notice of the county's shift from in-person sales to online sales was not posted online until January 26, 2020 – a mere two weeks before the Townsley Drive property was scheduled to be sold online. According to Nelson's affidavit, counsel for [the bank] did not receive notice from the sheriff's office about the change in format for the sale and did not see the notice of the online sale on the sheriff's website.

*Barnes* at ¶ 27.

**{¶26}** Unlike *Barnes*, in this instant matter, Appellant concedes its improper bid was the result of its employees' failure to read the established procedures for the sale. The Belmont County Sheriff intervened to explain to the trial court that the bidding instructions are clear and available to any interested party, including Appellant. The record reveals Appellant knew the sheriff's sale would be conducted online. The Belmont County Sheriff's Office's website indicated the sale would take place online and provided detailed registration and bidding instructions. Sheriff's sales in Belmont County have taken place online since at least 2022. Appellant's counsel acknowledged at the hearing that it was the only party that did anything wrong, understood the Sheriff had online procedures, and that those online procedures laid out what needed to be done. Appellant does not allege the Sheriff or Coulson did anything wrong.

**{¶27}** It is clear that a party's own neglect is not sufficient grounds for setting aside a judicial sale. *See Harris Trust & Sav. Bank*, 2004-Ohio-1602, at ¶ 8 (9th Dist.) and *Atlantic Mtge. & Inv. Corp. v. Sayers*, 2002-Ohio-844, * 2 (11th Dist.) (The parties' failure to arrive in time to bid was not good cause to set aside the sales); *Fed. Home Loan Mtge. Corp. v. Langdon*, 2008-Ohio-776, ¶ 22 (4th Dist.) ("[N]eglect does not warrant setting aside a sheriff's sale and the equities do not lie with [the bank] when its bidding instructions caused the failure to bid"); *Leizerman v. McGill*, 1993 WL 24475, * 1 (6th Dist. Feb. 5, 1993) (Holding that a unilateral mistake by the appellant's attorney was not grounds for denying confirmation of the sale).

**{¶28}** As stated, Appellant concedes that its employees' failure to fully read the Belmont County Foreclosure Sale Procedures prevented it from submitting a legally sufficient bid. Appellant's unilateral mistake and its own neglect does not amount to an

abuse of discretion by the trial court in confirming the sale in favor of Coulson. *See Brandywine Preserve Cluster Assn., Inc. v. Carter*, 2015-Ohio-4163, ¶ 16 (9th Dist.) ("We are cognizant that [the appellant] most likely made an error when he bid on the property . . . and are sympathetic to his position. However, we are also aware of the standard of review [abuse of discretion] and the inherent deference this court must give the trial court's decision.")

**{¶29}** Again, Appellant claims $750,000 was the most recent commercial appraisal for the Property. That figure, however, is not supported by the record. Rather, the record reveals the Property was appraised at $295,000 by three independent appraisers and advertised by the Belmont County Sheriff for an online public auction through Realauction. No objection was made by Appellant regarding the $295,000 appraisal before the sheriff's sale. Coulson's purchase price of $196,667, two-thirds of the Property's appraised value, was legally sufficient. *See* R.C. 2329.20 ("[N]o tract of land shall be sold for less than two-thirds the amount of the appraised value[.]") Coulson's submitted bid, along with her $10,000 deposit, complied with the Belmont County Foreclosure Sale Procedures with respect to the commercial Property at issue.

**{¶30}** Appellant's second issue is without merit.

## CONCLUSION

**{¶31}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The July 2, 2024 judgments of the Belmont County Court of Common Pleas denying Appellant's motion to set aside and confirming Coulson's purchase of the Property are affirmed.

Waite, J., concurs.

Robb, P.J., concurs.

Case No. 24 BE 0029

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgments of the Court of Common Pleas of Belmont County, Ohio, are affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**